UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PNC BANK NATIONAL
ASSOCIATION,

        Plaintiff,

v.

MB WHOLESALE, INC. and ABED
MEHANNA,

        Defendants.
_____/

Case No. 17-11295

Paul D. Borman
United States District Judge

David R. Grand
United States Magistrate Judge

# OPINION AND ORDER DENYING DEFENDANTS' MOTION FOR RECONSIDERATION (ECF NO. 26)

On August 3, 2018, this Court granted Plaintiff PNC Bank National Association's Motion for Partial Summary Judgment. (ECF No. 23.) Two weeks later, on August 17, 2018, Defendants MB Wholesale, Inc. and Abed Mehanna filed a Motion for Reconsideration as regards that ruling. (ECF No. 26, Defs.' Mot.)

Local Rule 7.1(h)(3) provides as follows:

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the *same issues* ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

E.D. Mich. LR 7.1(h)(3) (emphasis added). "A 'palpable defect' is a defect which is

obvious, clear, unmistakable, manifest, or plain." *Ososki v. St. Paul Surplus Lines Ins. Co.*, 162 F. Supp. 2d 714, 718 (E.D. Mich. 2001). "A motion for reconsideration which presents the same issues already ruled upon by the court, either expressly or by reasonable implication, will not be granted." *Ford Motor Co. v. Greatdomains.com, Inc.*, 177 F. Supp. 2d 628, 632 (E.D. Mich. 2001). Indeed, "[i]t is well-settled that 'parties cannot use a motion for reconsideration to raise new legal arguments that could have been raised before a judgment was issued.'" *Shah v. NXP Semiconductors USA, Inc.*, 507 F. App'x 483, 495 (6th Cir. 2012) (quoting *Roger Miller Music, Inc. v. Sony/ATV Publ'g,* 477 F.3d 383, 395 (6th Cir. 2007)).

In the instant Motion for Reconsideration, Defendants argue that the affidavit of Joan Wane, submitted by Plaintiff in support of its Motion for Partial Summary Judgment, is insufficient to prove Plaintiff's damages because Wane's deposition testimony demonstrated that she did not have personal knowledge of the figures set forth in her affidavit, or the particular manner in which they were calculated.

This *same argument* was considered and rejected by the Court in the August 17, 2018 Opinion and Order (*see* ECF No. 23 at 18-26, Pg ID 685-93), after having been more than adequately briefed by the parties in their filings regarding Plaintiff's Motion for Partial Summary Judgment. Indeed, Defendants acknowledge this fact in their Motion for Reconsideration. (*See* Defs.' Mot. at 7, Pg ID 708 ("Defendants admit that this argument could have been, and in fact was, raised during arguments

on the Summary Motion, even though it was not the focus of those arguments. As a result, this Motion for Reconsideration does not strictly meet the standard set forth in E.D. MICH. L.R. 7.1(h)(3).").) And although Defendants are correct that Local Rule 7.1(h) vests this Court with discretion to reconsider its rulings even based on arguments that already have been or could have been presented, Defendants have presented no good reason for the Court to do so in this case.

The argument raised in Defendants' Motion for Reconsideration was addressed by the parties, considered by this Court, and ruled upon in the Court's August 17, 2018 Opinion and Order. There was no "misperception" by the Court. Accordingly, Defendants' Motion for Reconsideration is DENIED.

IT IS SO ORDERED.


Dated: August 20, 2018	s/Paul D. Borman  
	Paul D. Borman  
	United States District Judge


CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first-class U.S. mail on August 20, 2018.

	s/D. Tofil  
	Deborah Tofil, Case Manager